UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JANSLEY LOPEZ,

        Plaintiff,

v.

        INDEX NO: 15-CV-07320
        RJD-PK

FULTON & LOGAN RESTAURANT, LLC.,
RAFAEL BATISTA and ALEJANDRO
BATISTA,

        Defendants.
-------------------------------------------------------x

## SETTLEMENT AGREEMENT

WHEREAS, on or about December 23, 2015, Plaintiff commenced the above captioned action in the United States District Court for the Eastern District of New York, asserting wage claims under the Fair Labor Standards Act and the New York Labor Law; and

WHEREAS, on or about December 25, 2016, Plaintiff commenced a proceeding in the New York State Division of Human Rights, SDHR Case No. 10179137, asserting claims under the New York State Human Rights Law and Title VII of the Civil Rights Act of 1964, as amended, for pregnancy discrimination against the parties named as defendants in the above-captioned action; and

WHEREAS, the parties had a settlement conference before United States Magistrate Judge Peggy Kuo on or about June 10, 2016 with regard to the above-captioned matter and the proceeding at the New York State Division of Human Rights; and

WHEREAS, the parties have determined it to be in their mutual interests to settle any and all claims or other matters between them;

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. Plaintiff fully and unconditionally releases and forever discharge Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, Plaintiff's employment by Defendants or the cessation thereof, including claims under Title VII of the Civil Rights Act of 1964, as amended, and claims under the New York State Human Rights Law. The only exclusion from this release provision is a claim that some term(s) of this Agreement have been violated.

Defendants release Plaintiff from any and all claims relating to her employment. The only exclusion from this release provision is a claim that some term(s) of this Agreement have been violated.

2. 2.1. In consideration of the mutual covenants, promises, and warranties set forth herein, Defendants agree to pay to Plaintiff a gross settlement amount of Thirty Thousand Dollars ($30,000.00) (the "Settlement Amount"). The Settlement Amount shall be payable in 11 installments. Each portion of Plaintiff's payment in each installment shall be divided as 50% for "back-wages" and 50% for prejudgment interest, liquidated damages, and compensatory damages for pain and suffering. The Settlement Amount shall be distributed as follows:

A. Defendants shall make the first payment installment from the Settlement Amount, in the gross amount of $10,000, upon execution of this Agreement, as follows:

a) one check made payable to Jansley Lopez in the gross amount of $3,333.34 representing back pay;

b) one check made payable to Jansley Lopez in the gross amount of $3,333.33 as prejudgment interest, liquidated damages, and compensatory damages for pain and suffering;

c) one check made payable to "Jonathan Weinberger, Esq.," in the gross amount of $3,333.33 representing attorneys' fees and costs.

B. Defendants shall make ten additional settlement installment payments. Each installment shall be in the gross amount of $2,000.00. The ten installment payments shall be made on the first day of each month beginning January 1, 2017 and ending October 1, 2017. Each installment shall be made payable as follows:

a) one check made payable to Jansley Lopez in the gross amount of $666.67 representing back pay;

b) one check made payable to Jansley Lopez in the gross amount of $666.66 as prejudgment interest, liquidated damages, and compensatory damages for pain and suffering;

c) one check made payable to "Jonathan Weinberger, Esq.," in the gross amount of $666.67 representing attorneys' fees and costs.

2.2 The payments referred to in paragraphs 2.1.(A)(a) and, 2.1(B)(a) represent back-wage compensation and Defendants shall report the payments made pursuant to these provisions of the Agreement to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to Plaintiff in accordance with applicable law.  As a condition precedent to effectuating this Settlement, Plaintiff shall provide Defendants with her social security number in order to properly report these wages to the Internal Revenue Service (and other relevant government agencies). Defendants shall disburse all state and federal payroll taxes imposed by applicable law with respect to the amounts treated as wages pursuant to this paragraph 2.2.

The payments referred to in paragraphs 2.1(A)(b) and 2.1(B)(b) above represent non-wage compensation from which no withholdings or deductions shall be taken.  These payments will be reflected in an IRS Form 1099-MISC, using Box 3 of Form 1099-MISC.  Defendants shall issue an IRS Form 1099-MISC to Plaintiff's counsel for payments referred to in paragraphs 2.1(A)(c) and 2.1(B)(c).

Defendants will provide post-dated checks for each of the last ten installments upon execution of this Agreement. The checks shall be delivered to Counsel for Plaintiff at 880 Third Avenue, 13th Floor, New York, New York 10022.

3. If any of the payments provided for in Paragraph 2 hereof are not timely paid, or are dishonored, time being of the essence, than after ten (10) business days written notice to cure by e-mail from Plaintiff's Counsel to Defendants' Counsel (stephenbarbaro@alterbarbaro.com), and the failure to cure within said period and to pay any fees in connection with a dishonored check, then (i) all unpaid installments payments under Paragraph 2 hereof shall be deemed accelerated and shall be immediately due and owing, and (ii) an additional $30,000 will be owed by Defendants to Plaintiff. Plaintiff may thereafter make application to this Court for a money judgment for $60,000.00 against Defendants, jointly and severally, less any payments that were made under this Agreement, and Plaintiff shall be entitled to actual attorney's fees and costs in connection with the enforcement of the judgment. The Court shall retain jurisdiction for the purpose of enforcing this Settlement Agreement and the entry of judgment as provided herein. Simultaneous with the execution of this Agreement, the individual Defendants shall provide Counsel for Plaintiff with their social security numbers or tax identification numbers and home addresses, and the corporate defendant shall provide Counsel for Plaintiff with its tax identification number.

4. This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document. The counterparts may be executed by facsimile or pdf with the same force and effect as an original signature.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement and the accompanying Stipulation.

_____        x _____
JANSLEY LOPEZ                                    ALEJANDRO BATISTA

                                         x _____
                                           RAPHAEL BATISTA

                                         _____
                                         FULTON & LOGAN LLC
                                         BY: RAPHAEL BATISTA, Principal

Settlement Agreement - Index No: 15-CV-07320                    Page 4 of 6

STATE OF NEW YORK       )
                        )SS.:
COUNTY OF New York      )

On _November 18_, 2016 before me personally came to me JANSLEY LOPEZ, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that she executed the same.

_____
Notary Public

JONATHAN WEINBERGER
Notary Public, State of New York
No. 4832240
Qualified in New York County
Commission Expires 5/31/18

FULTON & LOGAN RESTAURANT. LLC

_____
By: Rafael Batista

STATE OF NEW YORK       )
                        )SS.:
COUNTY OF KINGS         )

On _NOV. 23_, 2016 before me personally came to me Rafael Batista, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement on behalf FULTON & LOGAN RESTAURANT, LLC, as its sole member, and duly acknowledged to me that he executed the same.

STEPHEN V. BARBARO
Notary Public - State of New York
No. 02BA4785299
Qualified in Queens County, Commission Expires
February 28, 20__

Notary Public

STATE OF NEW YORK)
                        )SS.:
COUNTY OF KINGS)

_____
Rafael Batista

On _NOV. 23_, 2016 before me personally came to me Rafael Batista, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same.

STEPHEN V. BARBARO
Notary Public - State of New York
No. 02BA4785299
Qualified in Queens County, Commission Expires
February 28, 20__

Notary Public

STATE OF NEW YORK       )
                        )SS.:
COUNTY OF KINGS         )

_____
ALEJANDRO BATISTA

Settlement Agreement - Index No: 15-CV-07320

Page 5 of 6

Alejandro Batista

On  NOV. 29  , 2016 before me personally came to me Alejandro Batista, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same.

*[signature]*
STEPHEN V. BARBARO
Notary Public - State of New York
No. 02BA4785299
Qualified in Queens County, Commission Expires
February 28, 20_18